UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY HENSLEY | CIVIL ACTION |
| VERSUS | NO: 09-47 |
| REDI-MED OF MANDEVILLE, ET AL | SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is the Defendants' **Motion for Dismiss Amended Complaint Pursuant to F.R.C.P. 12b(1) and 12(b)6.** (Rec. D. 17). Upon review of the record, the memoranda of counsel,, and the applicable law, this Court now finds, for the reasons set forth below, that defendants' motion should be **DENIED.**

**BACKGROUND**

Plaintiff, Alabama resident Gary Hensley, filed suit on January 08, 2009 seeking damages relating to a drug test administered by the Defendants in connection with a pre-employment physical examination. (Rec. D. 1 Complaint.)

Plaintiff submitted to a drug test on April 16, 2007 at Redi-Med of Mandeville. (Rec. D. 24 Opp. Mem. of Pl. 2.) The test was administered as part of his pre-employment screening for a job as a licenced tow boat pilot for Florida Marine Transportation of Mandeville. <u>Id.</u>

His test came back positive. <u>Id.</u> at 3. As a result, the Coast Guard filed a complaint against Mr. Hensley which was heard on July 31, 2007 in an administrative hearing to revoke Mr. Hensley's pilot licence. (Opp. Mem. of Pl. Rec. Ex. 1.) Mr. Hensley was cleared of all charges. <u>Id.</u>

Plaintiff alleges that Defendants, in violation of 49 C.F.R. 40.13, negligently conducted an "instant drug screen" on the same sample they used to conduct the standard drug test. Plaintiff alleges that as a result, Mr. Hensley's standard test produced a false positive and he suffered damages.

The Defendants filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction on February 27, 2009. (Rec. D. 5 Mot. to Dismiss) They argue that the Court does not have diversity jurisdiction in this matter and that the Plaintiff's claims had prescribed. <u>Id.</u> The Plaintiff opposed the motion and also responded by filing a motion to amend his complaint, which he claims addresses the issues raised in the motion to dismiss. (Rec. D. 13 First Amended Complaint.)This

court denied Defendants' motion to dismiss and granted Plaintiff's motion to amend complaint on May 19, 2009 (Rec. D. 12).

Defendants filed this motion on June 3, 2009. (Rec. D. 17) Plaintiff opposes the motion. (Rec. D. 24)

## DISCUSSION

**PARTIES ARGUMENTS:**

Defendants allege that Plaintiff lacks subject matter jurisdiction and fails to state a claim. Defendants argue that Plaintiff cannot establish any jurisdiction under 28 U.S.C. §1331 because Plaintiff fails to identify a relevant federal law.

They allege that Plaintiff cannot establish jurisdiction under 28 U.S.C. § 1332 since Plaintiff does not allege damages in excess of $75,000. Finally, they argue that Plaintiff cannot establish jurisdiction under 28 U.S.C. § 1333 since Plaintiff claim is only tenuously related to maritime law. Furthermore, Defendants argue that Plaintiff is required to file a complaint with the Louisiana Patient's Compensation Fund since his claim pertains to medical malpractice. Therefore, argue Defendants, Plaintiff's claims should be dismissed pursuant to La. R.S. 40: 1299.47.

Defendants further argue that Plaintiff's claims have prescribed since plaintiff filed this complaint after the one-year statute of limitations pursuant to La. Civil Code Art. 3492 had expired.

Finally, Defendants assert that Plaintiff has not identified a private right of action to form the basis of this complaint.

Plaintiff argues that this Court does in fact have maritime jurisdiction over the case. Plaintiff further argues that this Court has diversity jurisdiction over the claims since he alleges damages exceeding $75,000 and the parties are diverse. The Plaintiff is from Alabama and the Defendants are from Louisiana.

Plaintiff contends that he had no statutory obligation to bring this claim before the Louisiana Patient's Compensation Fund since the Louisiana Supreme Court has previously held that the administration of employer directed drug tests does not constitute health care. Price v. City of Bossier City, 693 So.2d. 1169 (La. 1997). Plaintiff further alleges that he is entitled to a longer statute of limitations since this case is a maritime case.

Defendants reply that Plaintiff fails to meet the requirements under the Miller V. Griffin Alexander Drilling Co. test for admiralty jurisdiction. 685, F. Supp 960 (W.D.La. 1988) aff'd 873 F. 2d 809 (5th Cir. 1989). Defendants re-assert that

Plaintiff fails to raise a federal question and that this case should properly be characterized as a malpractice case and thus not in federal court. Defendants contend that since Dr. Yousuf was conducting a physical of Mr. Hensley this case can be distinguished from <u>Price</u>. Finally, Defendants assert that Plaintiff cannot make out a case of negligent drug testing and would be time barred if he could.

**Motion to Dismiss For Lack of Jurisdiction:**

Courts may consider extrinsic evidence when resolving Motions to Dismiss for Lack of Jurisdiction. <u>Washington v. Chertoff</u>, 2008 U.S. Dist. LEXIS 82216 (E.D. La. Oct. 15, 2008); <u>Williamson v,. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir. 1981); <u>Webber v. University of New Orleans</u>, 1999 U.S. Dist. LEXIS 8149 (E.D. La. May 27, 1999).

*Diversity Jurisdiction*

The Standard of Review for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as for motion to dismiss under Rule 12(b)(6).<u>United States v. City of New Orleans</u>, 2003 U.S. Dist. LEXIS 16765 (E.D. La. Sept. 19, 2003) Therefore, the Court cannot dismiss the claim for lack of jurisdiction unless Plaintiff cannot establish a plausible set of facts to support his claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544

5

(2007).

Additionally, in order to maintain federal jurisdiction, Plaintiff "must establish by a preponderance of the evidence that the jurisdictional amount is satisfied." Team One Props., LLC v. Certain Underwriters at Lloyd's, London, 2007 U.S. Dist. LEXIS 90912 (E.D. La. Dec. 5, 2007) They can do so by "demonstrating that it is apparent from the face of the petition that the claims are likely to exceed $ 75,000" or by "setting forth facts in controversy that support a finding of the requisite amount." Id. (citing Manguno v. Prudential Prop. & Cas. Co., 276 F.3d 720, 723 (5th Cir. 2002)

Mr. Hensley has established sufficient facts to satisfy the amount in controversy requirement for jurisdiction. Plaintiff, through his attorney, has supplied the court with a letter dated September 30, 2008 in which he details some of the alleged damages he suffered. They are in excess of the $75,000 requirement for diversity jurisdiction. (Rec. D. 24 Ex. 2.) This letter to opposing counsel pre-dates Plaintiff's complaint by roughly three (3) months. The level of detail in the letter is sufficient to allege more than $75,000 in controversy because it provides a itemized list of the of the various damages including loss of income and legal fees. Furthermore, in their reply, Defendants make no objection as to the validity of this exhibit.

(Rec. D. 27. )Therefore, this Court finds that there are sufficient facts to show federal jurisdiction pursuant to 28 U.S.C. § 1332.

*Admiralty Jurisdiction*

Plaintiff also argues that there is Admiralty jurisdiction. He asserts that since this tort arises from a contract between a Jones Act seaman and a maritime employer this action falls within the nexus of maritime law. Defendant disagrees.

In order for a tort claim to fall under admiralty jurisdiction, the claims "must satisfy conditions both of location and of connection with maritime activity." <u>Grubart v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 534 (U.S. 1995). Location is defined as "on navigable water or ...suffered on land [but] caused by a vessel on navigable water. <u>Id.</u> The present claim satisfies neither of these conditions since the alleged tort occurred in a medical facility.

The connection prong of the <u>Grubart</u> test requires that the activity have a potentially disruptive impact on traditional maritime activities or have occurred in the furtherance of traditional maritime activity. <u>Id.</u> Since this tort occurred in a doctor's office and does not have any direct connection to maritime activity, it does not satisfy the <u>Grubart</u> test.

In support of his claim to maritime jurisdiction, Plaintiff

sites Kossick v. United Fruit Company, 365 U.S. 731, 735 (1961). This case deals with the test for maritime jurisdiction with respect to contract cases. However, "the tests for maritime contract law and maritime tort law have long been different." Alleman v. Omni Energy Services Corp. 2009 WL 1605596 at*3(E.D. La, June 9, 2009). Thus, cases dealing with contract disputes are irrelevant to the determination of maritime jurisdiction for tort claims.

This suit for negligence will proceed as a diversity suit therefore state substantive law is applied. Hensgens v. Deere & Co., 869 F.2d 879, 880 (5th Cir. 1989) When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law provides the appropriate period of limitations. Walker v. Armco Steel Corp., 446 U.S 740, 752-3 (1980).

*Subject Matter Jurisdiction*

Finally, defendant argues that this court lacks subject matter jurisdiction because pursuant to the Louisiana Medical Malpractice Act this claim needs to be submitted to a Medical Review Panel before it is ripe to proceed in court. La. R.S. 40:1299.41, *et seq.*

However, the drug test was not part of any medical treatment

8

and therefore does not need to be brought before the Louisiana Patient's Compensation Fund before it can be filed as a negligence case in court. In Price v. City of Bossier City, as in this case, the Court found that where the drug test is not carried out as part of a treatment regime, it is not health care and therefore not covered by the Louisiana Patient's Compensation Fund. 693 So.2d. at 1172-3. In Price, the Plaintiff was being treated for an injured arm when she was asked to take a drug test as required for all employees injured at work. Id. The court found that claims against the drug tester were not claims of medical malpractice for the purposes of the Patient's Compensation Fund. Id. Similarly, Mr. Hensley was told to submit to an employer required drug test while in the midst of a physical. Therefore, Mr. Hensley is under no statutory or legal obligation to submit his claim to the Louisiana Patient's Compensation Fund.

**Motion to Dismiss for Failure to State a Claim**

As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff

9

has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

Defendants contend that since state law should be applied, Plaintiff's claim has prescribed. Louisiana's code states that "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. C.C. Art. 3492. However, "damage is considered to have been sustained only when it has manifested itself with sufficient certainty to support accrual of a cause of action; prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong." Cameron Parish Sch. Bd. v. Acands, Inc., 687 So. 2d 84, 88 (La. 1997). Prescription starts when plaintiff "ha[s] a reasonable basis to pursue a claim against a specific defendant." Jordan v. Employee Transfer Corp., 509 So. 2d 420, 424 (La.1987).

The alleged injury is that defendants, in violation of 49 C.F.R. 40.13, negligently conducted an "instant drug screen" and as a result Mr. Hensley's test produced a false positive. In order to prove that the results were a false positive, Mr.

Hensley relies on the factual findings of Administrative Law Judge Smith that he did not, as alleged by the Coast Guard, use marijuana. The harm derives from the fact that Mr. Hensley can show that he was in fact innocent and therefore the negligence of the Defendants caused the alleged harm.

At least one Louisiana Court of Appeal has directly addressed whether or not an interceding court proceeding can toll the prescription period. <u>Picard et al v. Vermillion Parish School Board</u>, 783 So. 2d. 590, 595 (3rd Cir. 2001). In <u>Picard</u>, the court found that where a judicial decision made Plaintiffs aware of the injury they were previously suffering, the prescription period was tolled. <u>Id.</u> The court focused on the reasonableness of Plaintiff's actions. <u>Id.</u> In the present case, it is reasonable that Plaintiff did not discern a cause of action until the successful termination of the administrative proceedings against him.

**CONCLUSION**

Plaintiff has alleged sufficient facts for diversity jurisdiction but does not plead adequate facts for admiralty jurisdiction. Though the claim is not guided by the state medical malpractice statute, it is guided by the state delictual code articles. The prescription period of one year began at the closing of formal administrative proceedings against Plaintiff on

August 14, 2008. Thus Plaintiff may proceed with this action. Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss (Rec. Doc. 17) is **DENIED.**

New Orleans, Louisiana this the 3rd day of August, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE