UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| GARY HENSLEY | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-47 |
| REDI-MED OF MANDEVILLE, ET AL | SECTION: "J" (4) |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Reconsideration and Alter and Amend Judgment Pursuant to F.R.C.P. 59(e) ( Rec. D. 30) and Plaintiff's Motion for Summary Judgment (Rec. D. 33). Upon review of the record, the memoranda of counsel,, and the applicable law, this Court now finds, for the reasons set forth below, that both Motions be **DENIED.**

## BACKGROUND

Plaintiff filed suit on January 08, 2009 seeking damages relating to a drug test administered by the Defendants in connection with a pre-employment physical examination. (Rec. D. 1

Complaint.)

Plaintiff, Alabama resident Gary Hensley, submitted to a drug test on April 16, 2007 at the Redi-Med of Mandeville. (Rec. D. 24 Opp. Mem. of Pl. 2.) The test was administered as part of his pre-employment screening for a job as a licenced tow boat pilot for Florida Marine Transportation of Mandeville. <u>Id.</u>

His test came back positive. <u>Id.</u> at 3. As a result, the Coast Guard filed a complaint against Mr. Hensley on July 31, 2007 in a Department of Homeland Security administrative court to revoke Mr. Hensley's pilot licence. (Opp. Mem. of Pl. Rec. Ex. 1.) Ultimately, Mr. Hensley was cleared of all charges. <u>Id.</u>

Plaintiff alleges that defendants, in violation of 49 C.F.R. 40.13, negligently conducted an "instant drug screen" on the same sample they used to conduct the standard drug test. Plaintiff alleges that as a result, Mr. Hensley's standard test produced a false positive and he suffered damages.

The Defendants filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction on February 27, 2009. (Rec. D. 5 Mot. to Dismiss) They argued that the Court does not have diversity jurisdiction in this matter and that the plaintiff's claims had prescribed. <u>Id.</u> The Plaintiff opposed the motion and also responded by filing a motion to amend his complaint, which amendment he claims addresses the issues raised

in the motion to dismiss. (Rec. D. 13 First Amended Complaint). This court denied Defendants motion to dismiss and granted Plaintiff's motion to amend complaint on May 19, 2009 (Rec. D. 12).

Defendants filed a second Motion to Dismiss which was denied by this Court on August 4, 2009 (Rec. D. 28). On August 12, 2009, Defendants filed a Motion for Reconsideration (Rec. D. 30) and on August 14, 2009 Plaintiff filed a Motion for Summary Judgment (Rec. D. 33). Both motions are opposed.

## **DISCUSSION**

### **Motion for Reconsideration**

**Prescriptive Period**

*Parties Arguments*

The Court ruled in its Order that Plaintiff's claim has not prescribed. Contrary to the assertions of Defendants, the Court found that the prescriptive period of one year began at the closing of formal administrative proceedings against Plaintiff on August 14, 2008. ( Rec. D. 28,)

Defendants assert in their Motion for Reconsideration and supporting memorandum that "Plaintiff knew or should have known that an error had been made and that he had a claim for error from the moment he learned that he had tested positive for

3

marijuana in April, 2007." (Rec. D. 30, p 4). Defendants further assert that even if Plaintiff was not on notice at the moment the error was made, he was on notice when the Coast Guard filed a complaint on July 31, 2007 to revoke his license. Id.

Plaintiff argues that the Court's original analysis was correct.

*Discussion*

The issue of computing prescription period commencement is by no means clear in Louisiana law.

In June 2009, the Louisiana Third Circuit Court of Appeal reaffirmed that "[p]rescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." Beach v. Continental Cas. *Co.*, 11 So.3d 715, 718 (La. App. 3 Cir. 6/3/09), *quoting* Campo v. Correa,828 So.2d 502, 510 (La.6/21/02)

> Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

Campo at 510. At the time of the instant drug test as well as when the Coast Guard instituted revocation proceedings against Plaintiff, his attention should have been excited and he should have been on guard and call for inquiry. Further, "the prescriptive period commences when enough notice to call for an inquiry of a claim exists, not when an inquiry reveals the facts or evidence to sufficiently prove the claim. See Babineaux v. State, Dept. of Transp. and *Dev.*, 927 So.2d 1121, 1125 (La. App. 1 Cir. 12/22/05).

However, Defendants' argument ignore the fact that when they assert the prescriptive period began, Plaintiff was continuing to suffer damage as a result of Defendants' conduct. Namely Plaintiff's pilot's license was suspended and he was forced to submit to sixteen unscheduled drug tests in connection with the Coast Guard's action against him. At this juncture, Plaintiff's claim would certainly have proceeded no further than a motion to dismiss by Defendants. It was not until his administrative exoneration that his claim accrued.

At the time of the drug test and the institution of the Coast Guard proceedings against Plaintiff, the negligent conduct of the Defendants was completed but the resulting damage and the amount of damage was still unclear. As stated in the Court's Order, "damage is considered to have been sustained only when it

5

has manifested itself with sufficient certainty to support accrual of a cause of action; *prescription will not being to run at the earliest possible indication that a plaintiff may have suffered some wrong.*" Cameron Parish Sch. Bd. v. Acands, Inc., 687 So.2d 84, 88 (La. 1997) (emphasis added). See also, Bell v. Glaser, 2009 WL 1886709 (La. App. 3 Cir. 7/1/09);("Damage is sustained for the purposes of prescription when it has manifested itself with sufficient certainty to support the accrual of a cause of action").

Defendants contend that the prescriptive period began to run either in April 2007, with the use of the instant drug screen, or on July 31, 2007, when the Coast Guard filed its complaint against Plaintiff. Using these dates, Plaintiff's claim prescribed in April or July of 2008. The Coast Guard action was not resolved until August 2008. To use Defendants' view on computation of the prescriptive period would force Plaintiff to file suit without knowing the full extent of his damages and risk having his case disposed of before the Administrative Law Judge resolved the Coast Guard action.

**Applicability of Louisiana Medical Malpractice Act**

*Parties Arguments*

Defendants argue in their motion that the Court erred when

it concluded that Plaintiff's claim was not one for medical malpractice and, therefore, that the Louisiana Medical Malpractice Act did not apply. Defendants seize on language from the Order that the drug test was taken "in the midst of a physical." Defendants further attempt to distinguish <u>Price v. City of Bossier</u>, 693 So.2d 1169(La. 5/20/97), a case relied on by the Court to establish that Plaintiff did not receive "health care."

*Discussion*

In <u>Price</u>, an employee injured on the job who sought medical treatment was required by her employer to take a drug screen. <u>Id.</u> at 1170. The third party testing facility returned the result as positive but indicated it could have been the result of the plaintiff's reported poppy seed ingestion. <u>Id.</u> At 1171. Despite this indication, the defendant clinic reported the positive result to the employer and the plaintiff's employment was terminated. *Id.* The plaintiff filed suit against the clinic, which argued that the claims fell under the Louisiana Medical Malpractice Act and that the plaintiff had to go before a medical review panel before instituting an action in court. <u>Id.</u>

On appeal from a ruling for the defendant, the court of appeal agreed with the plaintiff's argument that she was not a "patient" with regard to the drug screen. <u>Price </u>at 1172. The

court distinguished any connection between the treatment for her injury and the drug screen, stating that "[a]t the time of the drug screen, Price was not receiving 'medical care,' but was only being tested for the presence of drugs, a condition of which Price presumably was already aware. *Id.* at 1173.

The Defendants in the present case argue that Price pointed to employment physicals as a situation where a person is receiving medical care because the patient is "relying upon the physician to inform her of a physical condition of which she was unaware." quoting Price at 1173. However, this is a strained interpretation. Price simply sought to juxtapose a drug screen, in which the individual is not relying on the physician to furnish information relating to physical condition, with an employment physical, which courts have held creates a duty in the physician to inform the individual of findings that pose an imminent danger. See Green v. Walker, M.D., 910 F.2d 291 (5th Cir. 1990). This can hardly be used to support an argument that a drug screen that is part of a pre-employment physical qualifies as "health care" as contemplated in the Medical Malpractice Act.

Although Price does not make the distinction urged by Defendants, it does offer an instructive distinction. The court noted that:

> Contrary to the situation where a doctor directs a

> patient to go to the lab for tests relating to the medical condition for which the doctor is treating the patient, Price was directed to go to the lab for the drug screen, not as part of her treatment for her arm, but solely because her employer wanted to know whether she was under the influence of drugs at the time of the accident.

Price at 1173. Similarly, Plaintiff's drug screen was not related to the substance of his physical, but rather it was a mechanism by which the employer could ensure that a prospective employee did not test positive for drug use.

**Motion for Summary Judgment**

*Parties Arguments*

Plaintiff filed a Motion for Summary Judgment alleging that all issues of fact have been resolved since it is undisputed that Defendants wrongly performed the instant drug test on Plaintiff's sample before sending it to the lab to be tested. Plaintiff reasons that this act combined with his administrative exoneration constitutes sufficient facts for summary judgment.

Defendant argues that several issues of fact remain, including whether Defendants' alleged acts were the cause of Plaintiff's alleged false positive. Remarkably, Defendant also

alleges that the instant drug test was performed on a different sample than was sent to the lab for testing. This allegation, supported by affidavit, contradicts testimony given during Plaintiff's trial before the administrative court for the Department of Homeland Security.

*Discussion*

Resolution of this dispute requires further facts to be resolved, most notably whether the alleged negligence was the cause of the alleged harm which is a necessary element for Plaintiff's claim to succeed.

## CONCLUSION

In determining when the plaintiff should know of the basis for his claims, for prescription purposes, the focus is on the reasonableness of the plaintiff's action or inaction." Dominion Exploration & Production, Inc. v. Waters, 972 So.2d 350, 360 (La. App. 4 Cir. 11/14/07). Here, as noted in the Court's previous Order, Plaintiff's action in waiting for the conclusion of the administrative action pending against him was reasonable.

On the issue of applicability of the Louisiana Medical Malpractice Act, the Court finds that the claim is one for general negligence and, as the Court stated in its Order, the claim is governed by Louisiana's delictual code articles.

Finally, there are disputed issues of material fact which

preclude summary judgment in favor of the Plaintiff.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Reconsideration and Alter and Amend Judgment Pursuant to F.R.C.P. 59(e) ( Rec. D. 30) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Rec. D. 33) is **DENIED.**

New Orleans, Louisiana this the 8th day of September, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE