UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY HENSLEY                          CIVIL ACTION

VERSUS                                NO: 09-47

REDI-MED OF MANDEVILLE, ET AL         SECTION: "J" (4)

**ORDER**

Before the Court is Defendant Maryland Casualty Company's ("MCC") **Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6)**. (Rec. Doc. 70).

MCC relies on two theories that Plaintiff's claims against it should be dismissed. First, MCC argues that Plaintiff's claims against the insurance company have prescribed. However, this Court has previously determined that Plaintiff's claims are subject to Louisiana's one-year liberative prescriptive period, La. C.C. art. 3492, and that prescription began to run on August 14, 2008. Id. Furthermore, "[u]nder Louisiana law, an insured and his liability insurer are solidarily liable, and suit against one solidary obligor interrupts prescription as to all, even if they are not named in the original complaint." Ray v. Alexandria Mall,

Through St. Paul Property & Liability Ins, 434 So. 2d 1083, 1084 n. 1 (La. 1983). Therefore, the Court finds that prescription does not bar Plaintiff's claims against MCC.

MCC also argues that under the terms of its insurance contract with Redi-Med, the conduct alleged in the complaint is not covered. Upon review of both Plaintiff's complaint and the insurance policy at issue, the Court finds that it is not clear that the Plaintiff's claims are unambiguously excluded by the policy.

Accordingly,

**IT IS ORDERED** that the Defendant Maryland Casualty Company's (MCC) Motion to Dismiss for Failure to State a Claim is **DENIED.**

New Orleans, Louisiana this the 24th day of March, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE