UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GARY HENSLEY                              CIVIL ACTION

VERSUS                                    NO: 09-47

REDI-MED OF MANDEVILLE, ET AL.            SECTION: "J" (4)

**ORDER AND REASONS**

Defendants Northshore Redi-Med, LLC, ("Redi-Med") and Mohammed Yousuf ("Dr. Yousuf") filed a **Motion for Summary Judgment (Rec. Doc. 92)**. Defendant Maryland Casualty Company ("MCC") filed two **Motions for Summary Judgment (Rec. Docs. 93 and 94)**. Plaintiff Gary Hensley ("Hensley") filed a **Response/Memorandum in Opposition** to MCC's Motion for Summary Judgment on Coverage **(Rec. Docs. 95 and 97)**. Hensley also filed a **Response/Memorandum in Opposition** to Redi-Med's Motion for Summary Judgment **(Rec. Doc. 96)**. Redi-Med and Dr. Yousuf filed a **Response/Memorandum in Opposition** to MCC's Motion for Summary Judgment **(Rec. Doc. 98)**. Redi-Med and Dr. Yousuf filed a **Reply (Rec. Doc. 108)**. MCC also filed a **Reply (Rec. Docs. 110 and 112)**.

Further, Redi-Med and Dr. Yousuf filed a **Motion to Strike** Gary Hensley's Response/Memorandum in Opposition to Redi-Med's

Motion for Summary Judgment of on Coverage **(Rec. Doc. 101)**, also requesting that this motion be expedited **(Rec. Doc. 102)**. Gary Hensley filed a **Response/Memorandum in Opposition** to the Motion to Strike **(Rec. Doc. 105)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Plaintiff Gary Hensley filed suit on January 08, 2009, for damages relating to a drug test administered by Defendant Redi-Med in connection with a pre-employment physical examination. Plaintiff submitted to a drug test on April 16, 2007 at Redi-Med of Mandeville. The test was administered as part of his pre-employment screening for a job as a licenced tow boat pilot for Florida Marine Transportation of Mandeville.

While the Redi-Med drug screen came back negative, two independent laboratories performed tests using gas chromatography-mass spectometry analysis which came back positive. As a result, the Coast Guard filed a complaint against Mr. Hensley which was heard on July 31, 2007 in an administrative hearing to revoke Mr. Hensley's pilot licence. Mr. Hensley was exonerated of any illicit drug use.

Plaintiff alleged that Defendant Redi-Med, in violation of 49 C.F.R. 40.13, negligently conducted an instant drug screen on the same sample it sent out to the laboratories. Plaintiff argues that, as a result, his standard test produced a false positive

and he suffered damages.

Redi-Med moved to dismiss on February 27, 2009 (Rec. Doc. 5). It argued that Plaintiff's claim had prescribed and that the court lacked jurisdiction because Plaintiff's claim was subject to Louisiana's Medical Malpractice Act (MMA) and had to first go before a medical review panel. This Court denied Redi-Med's motion, finding that the prescriptive period had not run and, further, that Plaintiff's claim was not subject to the MMA.

Plaintiff has since filed two amended complaints (Rec. Docs. 13, 64). In his Second Amended Complaint, Plaintiff named as a defendant for the first time MCC, Defendant Redi-Med's liability insurer.

**THE PARTIES ARGUMENTS:**

Defendants Dr. Yousuf and Redi-Med moved for summary judgment because they assert that Hensley cannot meet his burden of proof that Defendants' alleged negligent act of dipping an instant drug screen in Plaintiff's urine specimen caused a later positive drug test for marijuana. Further, Defendants allege that Plaintiff failed to file a claim against Defendants within the one-year prescriptive period.

Hensley responds that Defendant's violation of drug testing procedure caused Plaintiff's injury (Rec. Doc. 96). Had the first urine sample been discarded, Plaintiff would not have sustained

3

any damages. Moreover, Plaintiff claims that Dr. Yousuf previously testified that the instant drug test "is capable of producing false positives as well as negatives." (Dr. Yousuf's Deposition, Exhibit 1 at p. 115-16). With respect to the Defendants' prescription allegations, Plaintiff reiterates that the general maritime law's three year statute of limitations should apply.

In their Reply, Defendants Redi-Med and Dr. Yousuf reiterate that Plaintiff failed to present any admissible evidence to counter Defendants' expert's testimony on the issue of causation (Rec. Doc. 108). Further, Plaintiff's claim does not qualify for the admiralty prescriptive period because this case does not meet the locality or connectivity requirements for admiralty jurisdiction to apply.

Additionally, Defendants, Dr. Yousuf and Redi-Med, moved to strike Hensley's Opposition because it was not timely filed. Further, Defendants submit that one of Plaintiff's exhibits (Dr. Yousuf's and Mrs. Adkins' testimony during the Coast Guard hearing) is inadmissible hearsay and cannot be used on this Motion for Summary Judgment. Hensley responds that his opposition was timely filed according to Local Rules. Further, Hensley points out that this Court previously found that the exhibit at stake is admissible.

MCC filed a Motion for Summary Judgment (Rec. Doc. 93), seeking dismissal of Plaintiff's action because (1) Plaintiff cannot meet his burden of proof that Redi-Med's alleged negligence caused the positive drug test for marijuana, and (2) Plaintiff failed to file suit in the instant matter within the one year prescriptive period. In his Response to MCC's Motion (Rec. Doc. 97), Hensley incorporates his Response to Redi-Med's Motion (Rec. Doc. 97).

MCC's second Motion for Summary Judgment (Rec. Doc. 94) alleges that MCC's Policy does not provide coverage for the damages alleged. Specifically: (1) The "professional services" exclusion in "Coverage A" is applicable and does exclude coverage for Plaintiff's claims; (2) Plaintiff does not seek to recover "Property Damages" as defined under the policy; and (3) Plaintiff's claim is not covered under "Coverage B" of the Policy. In his Response (Rec. Doc. 95), Plaintiff contradicts MCC's coverage denial, asserting that the policy in question covered Plaintiff's injury. Redi-Med and Dr. Yousuf also opposed MCC's Motion, arguing there is a genuine issue as to the applicability of MCC's policy (Rec. Doc. 98). In its Reply, MCC points out that the correct interpretation of their policy clarifies that Plaintiff's claim is not covered (Rec. Docs. 110 and 112).

**DISCUSSION:**

**Standard on Motion for Summary Judgment**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l

Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

**Motion to Strike**

Fed. R. Civ. P. 56(c)(1) provides deadlines for filing an opposition , stating that, "[t]hese times apply **unless a different time is set by local rule . . .**" (emphasis added). This Court's Local Rule 7.5 provides that oppositions to motions shall be filed, "no later than the eighth calendar day prior to the

7

noticed hearing date . . . ." The noticed hearing date for the relevant motion is Wednesday, August 4, 2010. Plaintiff timely filed his opposition to Redi-Med's Motion for Summary Judgment on Monday, July 26, 2010, nine days prior to the noticed hearing date. See Rec. Doc. 96. Therefore, Defendants' Motion to Strike (Rec. Doc. 101) should be denied.

**Causation**

Hensley's claim against the Defendants is for negligence under Louisiana law. To determine whether to impose liability for negligence under Civil Code article 2315, Louisiana courts employ the duty risk analysis, which consist of four elements:

> I. Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
>
> II. Did the defendant owe a duty to the plaintiff?
>
> III. Was the duty breached?
>
> IV. Was the risk, and harm caused, within the scope of protection afforded by the duty breached?

Roberts v. Benoit, 605 So. 2d 1032, 1041 (La. 1991). Thus, the first element–or the cause-in-fact inquiry–is a "but for" test: "if the plaintiff probably would have not sustained the injuries but for the defendant's substandard conduct, such conduct is a cause in fact." Id. at 1042. Plaintiff asserts that

but for Defendants' violation of 49 C.F.R. § 40.13, Plaintiff would not have been harmed. Defendant argues that Plaintiff cannot prove that the Defendants' use of the instant drug screen was the cause-in-fact of Plaintiff's later positive test results.

Louisiana courts consistently hold that "a causal connection between the negligence complained of and the particular harm suffered" must be shown by the plaintiff. See, e.g., Williamson v. Monroe Medical Clinic, 37,463 , p. 6 (La. App. 2 Cir. 08/20/03), 852 So.2d 1192, 1195. In Williamson, the plaintiff brought an action against a drug testing facility, alleging that the facility's negligent collection of his urine specimen resulted in a false positive test for marijuana. Id. at 1193. The negligence claim was based upon the fact that the time of collection of the sample on the custody and control form was erroneous. Id. at 1192-93. The plaintiff had provided two urine samples within a three hour period of time and the form indicated the time of the earlier sample, which was discarded, rather than the later sample, which was actually tested. Id. The Williamson court granted defendant's motion for summary judgment because plaintiff failed to present evidence showing that defendant's negligence was a cause-in-fact of the alleged harm suffered. Id. at 1196.

On this motion for summary judgment, all reasonable

inferences are drawn in favor of the Plaintiff, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d 399. Plaintiff contends that if Redi-Med had not performed the instant drug test on his urine specimen in violation of 49 C.F.R. § 40.13, his subsequent test result would have been negative. But there is a missing link in Plaintiff's line of reasoning: Plaintiff cannot prove that the instant drug test caused the contamination. On the other hand, this Court finds that Defendants met their burden of pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See <u>Celotex</u>, 477 U.S. at 325. Defendants put forth enough evidence to show that the interference of the instant drug test with the subsequent drug test is scientifically impossible, thus proving that Plaintiff cannot prevail on the cause-in-fact element of negligence.

    The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. <u>Id.</u> at 325.  Plaintiff has not retained an expert to prove his theory that his allegedly negative urine sample became positive for marijuana. Plaintiff

offers Dr. Yousuf's Coast Guard hearing testimony, the admissibility of which is questionable. Even if this Court admitted Dr. Yousuf's testimony into evidence, it is not enough to overcome the scientific evidence offered by Defendants. Dr. Yousuf confirmed that the instant drug test "is capable of producing false positives as well as false negatives." This statement hurts Plaintiff more than it aids him. Dr. Yousuf merely acknowledged that it was possible that the instant drug screen produced a false negative result on a sample that could have been positive for THC. Furthermore, Dr. Yousuf never testified that administering the instant drug screen would contaminate the sample. A "false positive" result means that the instant drug screen would yield a positive result on a negative sample–a situation that did not apply to Plaintiff because his instant drug screen was negative.

Further, the mere fact that the testing process violated the relevant regulation does not automatically solve the issue of causation. There still must be a causal connection between the alleged negligent conduct and the harm suffered. Plaintiff cannot prove his case on a mere allegation that the use of an instant drug screen was a violation of a regulation. He must prove that the instant drug screen caused the positive result for marijuana and that positive result was false. Plaintiff cannot prove

causation because, as demonstrated by Defendants, it is scientifically impossible for the instant drug screen to cause a false positive result for marijuana.

**Prescription**

Because the issue of causation is dispositive upon this motion for summary judgment, this Court does not find it necessary to re-address the issue of prescription.

**MCC's Motion for Summary Judgment**

Having granted Redi-Med and Dr. Yousuf's motion for summary judgment, this Court concludes that MCC's Motion for Summary Judgment should be granted as well.

For the foregoing reasons, it is **ORDERED** that Defendants Redi-Med and Dr. Yousuf's **Motion to Strike (Rec. Doc. 101)** is **DENIED**. It is **FURTHER ORDERED** that Defendants Redi-Med and Dr. Yousuf's **Motion for Summary Judgment (Rec. Doc. 92)** is **GRANTED**. It is **FURTHER ORDERED** that Defendant MCC's **Motions for Summary Judgment (Rec. Docs. 93 and 94)** are **GRANTED**.

New Orleans, Louisiana this the 17th day of August, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE